IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ROGER DALE ARNETT | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv174 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Roger Dale Arnett, an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation concluding that the petition should be denied.

Petitioner is challenging his Grayson County conviction for indecency with a child by exposure. Magistrate Judge Bush determined Petitioner's claims that both trial and appellate counsel provided ineffective assistance are without merit. Further, with respect to his remaining claim that his conviction is based on false testimony, the Magistrate Judge found Petitioner's claim is without merit. The Magistrate Judge found Petitioner failed to satisfy his burden of showing either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner contends in his objections that the state habeas trial court did not address some of his claims in its initial findings of fact and conclusions of law because the claims were submitted in a second petition filed after the initial findings were entered. However, in response to a remand order for the Court of Criminal Appeals, the State filed supplemental proposed findings of fact and conclusions of law, as well as a supplemental response, on December 14, 2011.

The supplemental response noted that the claims in the second petition did not supplement the application already before the court, but instead raised three completely new issues. However, the State addressed the merits of the claims in case the Court of Criminal Appeals did consider the new issues raised by petitioner.

The Texas Court of Criminal Appeals then denied petitioner's state application for writ of habeas corpus without written order. The denial of petitioner's state habeas corpus application necessarily denied all of Petitioner's "fairly presented" ineffective assistance claims "on the merits." *See Salazar v. Dretke*, 419 F.3d 384, 395 (5th Cir.2005)("In the context of federal habeas corpus proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural."), *cert. denied*, 547 U.S. 1006, 126 S.Ct. 1467, 164 L.Ed.2d 252 (2006); *Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir.2003), *cert. denied*, 540 U.S. 1163, 124 S.Ct. 1170, 157 L.Ed.2d 1208 (2004). Accordingly, petitioner's objection is without merit.

Petitioner's remaining objections concerning the Magistrate Judge's determinations also are without merit. Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Additionally, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Further, federal courts are required to give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal

Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits that is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

Here, for the reasons set forth in the Report, Petitioner has failed to satisfy his burden of proof concerning the claims presented in this petition. Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner's objections are without merit, and the petition should be denied.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. In addition, as the Magistrate Judge concluded, a certificate of appealability should not issue and is hereby **DENIED**. All other motions not previously ruled on are **DENIED**.

**SIGNED this the 31st day of March, 2016.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE